CV52015

Filed 2/2/2016 8:57:27 AM
Ross Bush
District Clerk
Midland County, Texas
Angela L. Gardea

NO. CV52015

| | | |
|---|---|---|
| DOROTHY WEDDLE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 238 JUDICIAL DISTRICT |
| | § | |
| GREGORY MONTGOMERY AND | § | |
| CIMATION LLC | § | |
| Defendants. | § | OF MIDLAND COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Dorothy Weddle, hereinafter called Plaintiff, complaining of and about Gregory Montgomery and Cimation LLC, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Dorothy Weddle, is an Individual whose address is 5710 SCR 1156, Midland, Texas 79706.

3. The last three numbers of Dorothy Weddle's driver's license number are 578. The last three numbers of Dorothy Weddle's social security number are 767.

4. Defendant Gregory Montgomery, an Individual who is a nonresident of Texas, may be served with process at his home at the following address: 230 Timer Lane, Boulder, Colorado 80304. Service of said Defendant as described above can be effected by certified mail return receipt requested.


EXHIBIT B

5. Defendant Cimation LLC, a Foreign Limited Liability Corporation, may be served by serving its registered agent, Troy L. Beckett, at 10205 Westheimer Rd., Suite 600, Houston, Texas 77042. Service of said Defendant as described above can be effected by certified mail return receipt requested.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

    a. monetary relief over $200,000 but not more than $1,000,000.

8. This court has jurisdiction over Defendant Gregory Montgomery, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Gregory Montgomery will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Furthermore, Plaintiff would show that Defendant Gregory Montgomery engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10. Venue in Midland County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

C. In that Defendant Gregory Montgomery failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

D. In that Defendant Gregory Montgomery was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

E. In that Defendant Gregory Montgomery failed to apply his brakes to his motor vehicle in a timely and prudent manner in order to avoid the collision in question; and

F. In that Defendant Gregory Montgomery failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CIMATION LLC

16. Defendant Cimation LLC had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17. Plaintiff's injuries were proximately caused by Defendant Cimation LLC's negligent, careless and reckless disregard of said duty.

18. The negligent, careless and reckless disregard of duty of Defendant Cimation LLC consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

C. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

D. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

E. In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner in order to avoid the collision in question; and

F. In that Defendant failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle.

## EXEMPLARY DAMAGES

19. Defendants acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## DAMAGES FOR PLAINTIFF, DOROTHY WEDDLE

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Dorothy Weddle was caused to suffer severe injuries to her left knee, right shoulder, and lumbar spine, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Dorothy Weddle for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable

and were usual and customary charges for such services in Midland County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Loss of Household Services in the past;

J. Loss of Household Services in the future;

K. Mental anguish in the past;

L. Mental anguish in the future;

M. Fear of future disease or condition; and

N. Cost of medical monitoring and prevention in the future.

## REQUEST FOR DISCLOSURE

22. Request is made that Defendants disclose within fifty (50) days of service of this request, the information described in Rule 194.2 (a)-(k) of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Dorothy Weddle, respectfully prays that the Defendants be cited to appear and answer herein, and that

5

CV52015

Filed 2/25/2016 4:32:10 PM
Ross Bush
District Clerk
Midland County, Texas

Molly Hayer

NO. CV52015

| | | |
|---|---|---|
| DOROTHY WEDDLE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 238TH JUDICIAL DISTRICT |
| | § | |
| GREGORY MONTGOMERY AND | § | |
| CIMATION LLC | § | |
| Defendants. | § | OF MIDLAND COUNTY, TEXAS |

### PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY DIRECTED TO DEFENDANT CIMATION LLC

Plaintiff, Dorothy Weddle, files this Certificate of Written Discovery Directed to the Defendant, Cimation LLC, pursuant to the applicable local rule and states that the discovery set forth below was served upon the following party on February 25, 2016:

Cimation LLC, Defendant, by and through Defendant's attorney of record, Darryl S. Vereen

#### Discovery Served

1. Interrogatories - First Set
2. Request for Production - First Set

Respectfully submitted,

By: _____
Spencer Dobbs
Texas Bar No. 00793624
Email: spencer@dobbslawfirm.com
601 N. Washington
ODESSA, TX 79761
Tel. (432) 580-0808
Fax. (432) 580-7254

Alan Harris
Texas Bar No. 09050780
Email: harrislaw@nts-online.net
409 N. Texas
Odessa, TX 79761
Tel. (432) 580-3118
Fax. (432) 332-4084

Attorneys for Plaintiff Dorothy Weddle

## CERTIFICATE OF SERVICE

I certify that on February 25, 2016, a true and correct copy of Plaintiff's Certificate of Written Discovery was served by facsimile on Darryl S. Vereen at (915)541-1597.

_____
Spencer Dobbs

CV52015

Filed 2/25/2016 10:59:43 AM
Ross Bush
District Clerk
Midland County, Texas

Crystal C. Castaneda
CRYSTAL C. CASTAÑEDA

IN THE 238th JUDICIAL DISTRICT COURT

OF MIDLAND COUNTY, TEXAS

| | | |
|---|---|---|
| DOROTHY WEDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CV52015 |
| | § | |
| GREGORY MONTGOMERY and | § | |
| CIMATION, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CIMATION, LLC'S ORIGINAL ANSWER

**COMES NOW CIMATION, LLC**, a Defendant in the above-entitled and captioned cause, and submits its Original Answer in reply to Plaintiff's pleadings, and for answer says:

I.

Pursuant to Tex. R. Civ. P. 92, Defendant enters its general denial as to Plaintiff's petition and demands strict proof thereof.

II.

Defendant would show that Defendant Gregory Montgomery was confronted with an emergency, as that term is defined and understood by law.

III.

Defendant would show that all or part of Plaintiff's alleged damages and injuries are the result of pre-existing, subsequent and unrelated injuries, illness and conditions that were not proximately caused by any act or omission of any Defendant.

0013402/(Weddle)/DVER/1239907

IV.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

V.

Defendants would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §18.091, since any evidence of wages or economic damages must be presented in an after-tax format, and Defendant requests the appropriate jury instructions in this regard.

VI.

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing that it be discharged and allowed to go hence without day and with their costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

0013402/(Weddle)/DVER/1219907

Respectfully submitted,

MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79950
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: rhoads@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Shannon C. Rhoads**
State Bar No. 24077263

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Darryl S. Vereen**, hereby certify that on the _____ day of February, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Spencer Dobbs, Esq., spencer@dobbslawfirm.com, 601 N. Washington, Odessa, Texas 79761 and Alan Harris, Esq., harrislaw@nts-online.net, 409 N. Texas, Odessa, Texas 79761.

_____
Darryl S. Vereen

0013402/(Weddle)/DVFR/1239907

CV52015

Filed 3/1/2016 4:48:32 PM
Ross Bush
District Clerk
Midland County, Texas

CITATION/NON-RESIDENT

CLERK OF THE COURT
Ross Bush, District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

ATTORNEY REQUESTING SERVICE
SPENCER DOBBS
601 NORTH WASHINGTON
ODESSA, TX 79761

THE STATE OF TEXAS

NOTICE TO GREGORY MONTGOMERY:

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: GREGORY MONTGOMERY,

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the 238TH DISTRICT COURT of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February 2nd, 2016**

The file number of said suit being: **CV52015**

The style of the case is:
**DOROTHY WEDDLE**
**VS**
**GREGORY MONTGOMERY AND CIMATION LLC**

A copy PLAINTIFF'S ORIGINAL PETITION accompanies this citation.

*ISSUED AND GIVEN UNDER MY HAND AND SEAL* OF SAID COURT, at office in Midland, Texas, on February 03rd, 2016.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: ANGELA L GARDEA, Deputy

CV52015          238TH DISTRICT COURT

DOROTHY WEDDLE
VS
GREGORY MONTGOMERY AND CIMATION LLC

ADDRESS FOR SERVICE:
GREGORY MONTGOMERY
230 TIMER LANE
BOULDER, COLORADO 80304

### OFFICER'S RETURN (Out of State)

Came to hand on the ____ day of _____ ___ _____, 20__ ___, at ___ _____ o'clock ____ m., and executed in _____ _____ _____ County, State of _____ _____ by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following time and place, to-wit:

| Name | Date/Time | Place/Location |
|---|---|---|
| Gregory Montgomery | 2/26/16 | 230 Timer Lane, Boulder, CO 80304 |

NOT EXECUTED FOR THE FOLLOWING REASON: _____ _____ _____ _____

The diligence used in finding said defendant being: _____ _____ _____ _____

and the cause or failure to execute this process is: _____ _____ _____ _____

And the information received as to the whereabouts of said defendant being: _____ _____ _____

Served by Certified Mail Return Receipt Requested
# 70151520 0001 8399 4728 _____ _____, Officer

FEES FOR SERVICE $_____
(of Citation)                                                            COUNTY          STATE

By: _____ _____, Deputy

STATE OF _____
COUNTY OF _____

### VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.
Given under my hand and seal of office this the ____ day of _____, 20____.

NOTARY PUBLIC, STATE OF _____

Rule 108-Defendant without state -
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ _____, my date of birth is _____, and my address
                        (First, Middle, Last)
is _____ _____ _____ _____.
   (Street, City, State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ____ day of _____ 20____.

_____ _____ _____
Declarant/Authorized Process Server        (Id # & expiration of certification)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregory Montgomery
250 Timer Lane
Boulder, CO 80304

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name): Lynn Montgomery
C. Date of Delivery: 2/26/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail
☐ Priority Mail Express
☐ Registered
☒ Return Receipt for Merchandise
☐ Insured Mail
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7015 1520 0001 8399 4728

PS Form 3811, July 2013    Domestic Return Receipt

CV52015

Filed 3/3/2016 1:34:42 PM
Ross Bush
District Clerk
Midland County, Texas

IN THE 238th JUDICIAL DISTRICT COURT

OF MIDLAND COUNTY, TEXAS

| | |
|---|---|
| DOROTHY WEDDLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. CV52015 |
| § | |
| GREGORY MONTGOMERY and § | |
| CIMATION, LLC, § | |
| § | |
| Defendant. § | |

### DEFENDANT GREGORY MONTGOMERY'S ORIGINAL ANSWER

**COMES NOW** GREGORY MONTGOMERY, a Defendant in the above-entitled and captioned cause, and submits his Original Answer in reply to Plaintiff's pleadings, and for answer says:

I.

Pursuant to Tex. R. Civ. P. 92, Defendant enters his general denial as to Plaintiff's petition and demands strict proof thereof.

II.

Defendant would show that he was confronted with an emergency, as that term is defined and understood by law.

III.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

IV.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §18.091, since any evidence of wages or economic damages must be presented in an after-tax format, and Defendant requests the appropriate jury instructions in this regard.

V.

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing that he be discharged and allowed to go hence without day and with his costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950
Phone: (915) 532-2000
Fax:   (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: rhoads@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Shannon C. Rhoads**
State Bar No. 24077263

Attorneys for Defendant

0014302/00115/DVER/1240721

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Darryl S. Vereen**, hereby certify that on the ____3____ day of March, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Spencer Dobbs, Esq., spencer@dobbslawfirm.com, 601 N. Washington, Odessa, Texas, 79761 and Alan Harris, Esq., harrislaw@nts-online.net, 409 N. Texas, Odessa, Texas 79761.

_____
Darryl S. Vereen

CV52015

*12*

Filed 3/3/2016 1:49:02 PM
Ross Bush
District Clerk
Midland County, Texas

*Crystal C. Castañeda*
CRYSTAL C. CASTAÑEDA

IN THE 238th JUDICIAL DISTRICT COURT

OF MIDLAND COUNTY, TEXAS

| | |
|---|---|
| DOROTHY WEDDLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. CV52015 |
| § | |
| GREGORY MONTGOMERY and § | |
| CIMATION, LLC, § | |
| § | |
| Defendant. § | |

## CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW GREGORY MONTGOMERY and CIMATION, LLC,** Defendants in the above-entitled and numbered cause, and submit their Certificate of Written Discovery regarding the following written discovery requests:

1. Defendant Cimation, LLC's Request for Disclosure to Plaintiff served 2/25/16.

2. Defendant Cimation, LLC's Interrogatories and Request for Production to Plaintiff served 2/25/16.

3. Defendant Gregory Montgomery's Request for Disclosure to Plaintiff served 3/3/16.

**WHEREFORE PREMISES CONSIDERED,** Defendants Gregory Montgomery and Cimation, LLC respectfully pray that the Court and all parties take notice of the above and foregoing Certificate, and service of the above-referenced discovery response, and that the Court grant Defendants such other and further relief, general or special, legal or equitable, to which Defendants may be justly entitled.

00143021/00115/JVER/1240846

Respectfully submitted,

MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79950
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: rhoads@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Shannon C. Rhoads**
State Bar No. 24077263

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Darryl S. Vereen**, hereby certify that on the ___ day of March, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Spencer Dobbs, Esq., spencer@dobbslawfirm.com, 601 N. Washington, Odessa, Texas, 79761 and Alan Harris, Esq., harrislaw@nts-online.net, 409 N. Texas, Odessa, Texas 79761.

_____
Darryl S. Vereen

00143202/00115/DVER/1240846